IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

RUTH RICHTER,

    Plaintiff,

vs.

SPRINT/VMUSA,

    Defendant.

8:19CV223

MEMORANDUM
AND ORDER

Plaintiff filed her Complaint on May 17, 2019. (Filing No. 1.) She has been given leave to proceed in forma pauperis. (Filing No. 5.) The court now conducts an initial review of Plaintiff's Complaint[1] to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF COMPLAINT

Plaintiff alleges that she has been a customer for phone service from Defendants Sprint and Virgin Mobile USA ("VMU") since 2007. Beginning in January 2019, Plaintiff claims VMU began to misuse her bank debit card by taking more money out of Plaintiff's bank account than they were supposed to take for Plaintiff's phone service. Plaintiff alleges she provided VMU her debit card information in order to purchase a set amount of phone minutes from VMU, and "[e]verytime the Plaintiff needed to add phone min[utes] to her VMU account and went through the debit card process with VMU the over the stated amount would happen." (Filing No. 1 at CM/ECF p. 1.) Plaintiff alleges this activity continued through March 2019 when the bank that issued Plaintiff's debit card "put a stop on VMU being able to use the debit card info" apparently in response to Plaintiff's

---

[1] For purposes of this initial review, the Complaint includes Plaintiff's supplemental filing. (Filing No. 7.)

"written disputes to the bank about the overuse by VMU." (*Id.* at CM/ECF pp. 1–2.)

On March 14, 2019, Plaintiff alleges VMU cut off her phone service without any warning even though Plaintiff still had phone minutes left in her account. Upon contacting VMU, Plaintiff was told "her service was 'restricted' to only star 4 because she had no money in her [VMU] account" and that VMU "had TAKEN the amount in [her] phone account to cover part of the 'cash back' [she] had gotten from the bank and [she] was suppose [sic] to 'go to the bank and give it ('the cash back') back to the bank" and pay an additional sum to VMU. (*Id.* at CM/ECF p. 2 (punctuation in original).) Plaintiff denies ever receiving any "cash back" but attempted to pay the amounts directed by VMU by purchasing VMU phone cards since she could not use her debit card for VMU transactions. However, Plaintiff alleges VMU would not accept the phone cards until Plaintiff paid back the amounts owed to VMU.

Plaintiff alleges she was without phone service for eighteen days until April 1, 2019, when her phone service was suddenly restored. Plaintiff received a message from VMU stating Plaintiff had added $12.32 to her account which reflects the amount VMU had taken out of her phone account on March 14, 2019, so she could now use her phone again. Plaintiff, however, denies ever having added any amounts to her phone account as she was not able to using either her debit card or the phone cards.

In her supplemental filing, Plaintiff alleges that her phone service was again suddenly shut off on June 15, 2019, even though Plaintiff had money in her phone account. Plaintiff claims this action by VMU, like the one on March 14, 2019, was "not justified and breached the oral contract that was between Plaintiff and Defendant for phone service to Plaintiff." (Filing No. 7.)

As relief, "Plaintiff seeks punitive damages from Defendant for theft, overuse of Plaintiff's debit card info, non use [sic] of her phone for 18 days and 18

nights, [and] violation of Plaintiff's civil rights as first Amendment Freedom of Speech." (Filing No. 1 at CM/ECF p. 4.) Plaintiff claims Sprint, as the parent company of VMU, "was fully aware of what VMU was pulling yet did nothing to end the theft and fraud abuse by VMU." (*Id*.)

## II.     APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569–70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

# III. DISCUSSION OF CLAIMS

Liberally construed, Plaintiff here alleges claims of theft, fraud, breach of contract, as well as a federal constitutional claim under the First Amendment. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993). Because Plaintiff does not allege that Defendants are persons acting under color of state law, she fails to state a § 1983 claim and, consequently, fails to set forth grounds for the court's jurisdiction.

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The subject-matter jurisdiction of the federal district courts is generally set forth in 28 U.S.C. §§ 1331 and 1332. Under these statutes, federal jurisdiction is available only when a "federal question" is presented (i.e., in a civil action arising under the Constitution, laws, or treaties of the United States) or when the parties are of diverse citizenship and the amount in controversy exceeds $75,000.

Here, Plaintiff alleges a "violation of Plaintiff's civil rights [of] first Amendment Freedom of Speech," (filing no. 1 at CM/ECF p. 4), but fails to allege that Defendants are state actors or that their conduct is attributable to the state. *See West*, 487 U.S. at 49 ("The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'"); *see also Filarsky v. Delia*, 566 U.S. 377, 383 (2012) ("Anyone whose conduct is 'fairly attributable to the state' can be sued as a state actor under § 1983."). Consequently, there is no discernible "federal question" alleged in the Complaint as Plaintiff has failed to state a claim under 42 U.S.C. § 1983 and the Complaint simply does not contain allegations reasonably suggesting Defendants violated a federal statute.

4

Moreover, the Complaint also fails to state each Defendants' place of incorporation and principal place of business as required to establish diversity jurisdiction. *See Sanders v. Clemco Industries*, 823 F.2d 214, 216 (8th Cir. 1987) (complaint failed to establish diversity jurisdiction where it stated Plaintiff's residency, but not his citizenship, and failed to state the principle places of business of corporate defendants). In addition, the amount in controversy must be greater than $75,000.00 to establish diversity jurisdiction. 28 U.S.C. § 1332(a). Plaintiff fails to state any facts or legal theories alleging why Defendants should be liable to her for an amount exceeding $75,000. Plaintiff merely alleges that Defendants took an unspecified amount of money out of her bank account that it was not authorized to and, as best the court can tell, removed and subsequently credited $12.32 to Plaintiff's phone account. Due to the nature of Plaintiff's allegations, the court doubts the amount in controversy is greater than $75,000.00 or that Plaintiff can show by a preponderance of the evidence that such an amount would be legitimate. *See Trimble v. Asarco, Inc.*, 232 F.3d 946, 959 (8th Cir. 2000) (quotation omitted) (*abrogated on other grounds by Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546 (2005)). Thus, the allegations of the Complaint also fail to establish diversity of citizenship jurisdiction.

## IV. OTHER PENDING MOTIONS

Plaintiff filed a motion to have this case removed from the court's pro se docket and transferred to the court's regular docket because "the matter is criminal in that theft and fraud by the Defendant is involved and Plaintiff experienced some monetary loss as a result." (Filing No. 6.) The court will deny this motion because, in addition to lacking jurisdiction over Plaintiff's claims, Plaintiff does not have a right to compel a criminal investigation or prosecution. *See Parkhurst v. Tabor*, 569 F.3d 861, 866 (8th Cir. 2009) (quoting *Doe v. Mayor and City Council of Pocomoke City*, 745 F.Supp. 1137, 1139 (D.Md. 1990) ("The Court is not aware of a constitutional, statutory, or common law right that a private citizen has to require a public official to investigate or prosecute a crime.")).

Plaintiff also filed a motion to amend her Complaint to add Bank of the West as a co-defendant. ([Filing No. 8](#).) Plaintiff's motion fails to set forth any factual allegations concerning Bank of the West's role in the alleged misconduct and nothing in the motion alters the court's conclusion that jurisdiction does not lie in this court. Accordingly, Plaintiff's motion to amend the Complaint to add a defendant is denied.

## V. CONCLUSION

Plaintiff's Complaint fails to allege grounds for the court's subject matter jurisdiction, and this matter must be dismissed. Plaintiff will not be given leave to amend her pleading because the court has concluded that to do so would be futile.

IT IS THEREFORE ORDERED that:

1. Plaintiff's Complaint ([filing no. 1](#); [filing no. 7](#)) is dismissed with prejudice for lack of subject matter jurisdiction.

2. The court will enter judgment by a separate document.

3. Plaintiff's pending motions ([filing no. 6](#); [filing no. 8](#)) are denied for the reasons stated in this Memorandum and Order.

Dated this 16th day of August, 2019.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge